UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION

This Document Applies To:

ALL CASES

Case No. 09-MD-2017 (LAK)

ECF CASE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-10-13

[PROPOSED] PRETRIAL ORDER NO. 65

(Amendment To Pretrial Order No. 57: Stipulation And
Order For The Production And Exchange Of Confidential Information)

**WHEREAS,** the People of the State of New York, by the Attorney General of the State of New York ("NYAG"), commenced an action against Ernst & Young LLP ("EY") in the Supreme Court of the State of New York, County of New York, captioned *People of the State of New York by Eric T. Schneiderman, Attorney General of the State of New York v. Ernst & Young LLP*, Index No. 451586/2010 (N.Y. Sup. Ct.) (the "NYAG Action");

**WHEREAS,** EY removed the NYAG Action to this Court and it later was consolidated with the above-captioned multi-district litigation (the "Lehman MDL");

**WHEREAS,** this Court remanded the NYAG Action to the Supreme Court of the State of New York, County of New York, on the ground that the claims therein do not arise under federal law but recognized that the NYAG Action "would benefit from being a part of [the Lehman MDL] process, as the discovery that will be sought, the factual issues and at least some of the legal questions that will be raised here will overlap quite substantially with the other 47 cases" and that

"remand of this action to the state courts thus entails a risk that the efficiencies that would otherwise be gained will be lost and the burdens of the litigation on parties and witnesses increased";

WHEREAS, the parties in the above-captioned actions stipulated and agreed to the terms of Pretrial Order No. 57, including the final term, which provides that the "terms of this Stipulation and Order shall not prevent any Party from moving the Court to amend, or provide relief from, this Stipulation and Order";

WHEREAS, the parties in the NYAG Action consent to disclosure of all transcripts and exhibits thereto of testimony taken in connection with the NYAG Action, regardless of when taken, to the parties in the Lehman MDL;

WHEREAS, the parties in Lehman MDL consent to disclosure of any deposition transcripts and exhibits thereto taken in Lehman MDL to the NYAG, except that Starr International U.S.A. Investments LLC and C.V. Starr & Co., Inc. Trust ("Starr") does not consent to the disclosure of any Starr documents or the transcripts or exhibits thereto from depositions taken of Starr or any of its employees or representatives (the "Starr Materials") to the parties in the NYAG Action;

WHEREAS, any deposition transcripts and exhibits thereto taken in the Lehman MDL (with the exception of the Starr Materials) can be used in the NYAG Action, provided that such transcripts and exhibits thereto designated as "Confidential" in the Lehman MDL will be treated as "Confidential" in the NYAG Action in accordance with a protective order entered by the court in the NYAG Action; and

**WHEREAS,** amendment to Pretrial Order No. 57 and disclosure of any deposition transcripts and exhibits thereto to the parties in the Lehman MDL would promote efficiency and lessen the burdens of the litigation for parties and witnesses.

**IT IS HEREBY STIPULATED, AGREED and ORDERED** that Pretrial Order No. 57 is amended, as follows:

1.       Neither the terms of Pretrial Order No. 57, as amended, nor any other Order entered in the Lehman MDL shall prevent deposition transcripts, and exhibits thereto, taken in the Lehman MDL from being disclosed to the parties in the NYAG Action and used in the NYAG Action, subject to the rulings of this Court, and provided that such transcripts and exhibits thereto designated as "Confidential" in the Lehman MDL will be treated as "Confidential" in the NYAG Action in accordance with a protective order entered by the court in the NYAG Action.  The preceding sentence does not apply to the Starr Materials, and the Starr Materials shall not be shared with the parties in the NYAG Action without further order of this Court.

2.       Neither the terms of Pretrial Order No. 57, as amended, nor any other Order entered in the Lehman MDL shall prevent the NYAG from attending and examining witnesses at any deposition in the Coordinated Actions, (excluding only the Starr depositions) provided that any such examination: (1) follows consultation with the Executive Committee regarding such participation; (2) follows the examinations conducted by the parties in the Lehman MDL (unless the cross-examining parties waive this right and allow the NYAG to proceed immediately after the direct examination); and (3) does not count against the parties' time for examination in the Lehman MDL.

3.       Copies of all transcripts, whether written or video, and exhibits thereto, of testimony taken in connection with the NYAG Action, regardless of when taken, shall be made

available to the parties in the Lehman MDL promptly upon receipt by the parties to the NYAG Action of any such transcript and exhibits thereto or request by the parties in the Lehman MDL, provided that such transcripts and exhibits thereto designated as "Confidential" in the NYAG Action will be treated as "Confidential" in the Lehman MDL in accordance with Pretrial Order No. 57.

4.      Copies of all transcripts, whether written or video, and exhibits thereto, of depositions taken in the Lehman MDL (excluding only the Starr Materials) shall be made available to the NYAG promptly upon request by the NYAG of any such transcript and exhibits thereto, provided that such transcripts and exhibits thereto designated as "Confidential" in the Lehman MDL will be treated as "Confidential" in the NYAG Action in accordance with a confidentiality stipulation and order entered in the Supreme Court of New York, County of New York.

5.      The parties to the NYAG Action shall submit a confidentiality stipulation and form of protective order to the Supreme Court of New York, County of New York in the form of Exhibit A attached hereto.

**SO ORDERED.**

**Dated:** 4/9/13

Honorable Lewis A. Kaplan
United States District Judge

Dated:  April 3, 2013                Respectfully submitted,

                                     **BERNSTEIN LITOWITZ BERGER**
                                     **& GROSSMANN LLP**

                                     David R. Stickney
                                     Brett M. Middleton
                                     12481 High Bluff Drive, Suite 300
                                     San Diego, CA 92130
                                     Tel: (858) 793-0070
                                     Fax: (858) 793-0323

                                     *Co-Lead Counsel for Lead Plaintiffs*


Dated:  April 3, 2013                **KESSLER TOPAZ MELTZER**
                                     **& CHECK LLP**

                                     David Kessler
                                     Kimberly Justice
                                     Michelle Newcomer
                                     280 King of Prussia Road
                                     Radnor, PA 19087
                                     Tel: (610) 667-7706
                                     Fax: (610) 667-7056

                                     *Co-Lead Counsel for Lead Plaintiffs*


Dated:  April 3, 2013                **GIRARD GIBBS LLP**

                                     Daniel Charles Girard
                                     John Kehoe
                                     Dena Connolly Sharp
                                     601 California Street, Suite 1400
                                     San Francisco, CA 94108
                                     Tel: (415) 981-4800
                                     Fax: (415) 981-4846

                                     *Counsel for the Structured Notes Plaintiffs*

Dated:  April 8, 2013                    LATHAM & WATKINS LLP

_____
Miles N. Ruthberg
Jamie L. Wine
New York, New York 10022
Tel: (212) 906-1200
Fax: (212) 751-4864

*Attorneys for Defendant Ernst & Young LLP*


Dated:  April 8, 2013                    GIBSON, DUNN & CRUTCHER LLP

_____
Marshall R. King
Oliver M. Olanoff
200 Park Avenue
New York, NY 10166
Tel:  (212) 351-4000
Fax:  (212) 351-4035

*Attorneys for Defendant UBS Financial
Services Inc.*


Dated:  April 8, 2013                    DECHERT LLP

_____
Adam Wasserman
1095 Avenue of the Americas
New York, NY 10036-6797
Tel:  (212) 698 3500
Fax:  (212) 698 3599

*Attorneys for Lehman Directors*

Dated:  April 8, 2013                    CLEARY GOTTLIEB STEEN
                                           & HAMILTON LLP

                                         _____
                                         Victor L. Hou
                                         1 Liberty Plaza
                                         New York, NY 10006
                                         Tel:    (212) 225-2000
                                         Fax:    (212) 225-3499

                                         *Attorneys for the Bank Defendants*


Dated:  April 8, 2013                    ALLEN & OVERY LLP

                                         _____
                                         Patricia M. Hynes
                                         Todd S. Fishman
                                         1221 Avenue of the Americas
                                         New York, NY 10020
                                         Tel:    (212) 610-6300
                                         Fax:    (212) 610-6399

                                         *Attorneys for Defendant Richard S. Fuld, Jr.*


Dated:  April 8, 2013                    PETRILLO KLEIN LLP

                                         _____
                                         Joshua Klein
                                         Guy Petrillo
                                         655 Third Avenue, 22nd Floor
                                         New York, NY 10017
                                         Tel:    (212) 370-0330
                                         Fax:    (212) 370-0391

                                         *Attorneys for Defendant Christopher M. O'Meara*

Dated:  April 8, 2013

FRIED FRANK HARRIS SHRIVER
& JACOBSON LLP

_____

Audrey Strauss
Israel David
One New York Plaza
New York, NY 10004-1980
Tel:    (212) 859-8000
Fax:   (212) 859-4000

*Attorneys for Defendant Joseph M. Gregory*

Dated:  April 8, 2013

FINN DIXON & HERLING LLP

_____

Alfred U. Pavlis
Michael Q. English
Richard S. Gora
117 Broad Street
Stamford, CT 06901
Tel:    (203) 325-5000
Fax:   (203) 325-5001

*Attorneys for Defendant Erin Callan*

Dated:  April 8, 2013

CLEARY GOTTLIEB STEEN
& HAMILTON LLP

_____

Lewis J. Liman
David Y. Livshiz
One Liberty Plaza
New York, NY  10006
Tel:    (212) 225 2553
Fax:   (212) 225 3999

*Attorneys for Defendant Ian Lowitt*

**COTCHETT, PITRE & McCARTHY, LLP**

By: _Matthew K. Edling /s/ BMF_
　　MATTHEW K. EDLING

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel:　(650) 697-6000
Fax:　(650) 697-0577

*Attorneys For Plaintiffs City of Auburn, City of
Burbank, Contra Costa Water District, Mary A.
Zeeb, Monterey County Treasurer, on Behalf of
the Monterey Count Investment Pool, City of
San Buenaventura, The San Mateo County
Investment Pool, Vallejo Sanitation and Flood
Control District, and Zenith Insurance
Company*

**GREER, HERZ & ADAMS, L.L.P.**

By: _Eric J. Kirkpatrick /s/ BMF_
　　ERIC J. KIRKPATRICK

One Moody Plaza, 18th Floor
Galveston, TX 77550
Tel:　(409) 797-3200
Fax:　(409) 766-6424

**THE LAW OFFICE OF ANDREW J.
FRISCH**

Andrew J. Frisch
40 Fulton Street, 23rd Floor
New York, NY 10038
Tel:　(212) 285-8000
Fax:　(646) 304-0352

*Attorneys for Plaintiffs American National
Insurance Company of Texas, Comprehensive
Investment Services Inc. and The Moody
Foundation*

**BERGER & MONTAGUE, P.C.**

By: _Merrill G. Davidoff /s/ BMF_
　　MERRILL G. DAVIDOFF

1622 Locust Street
Philadelphia, PA 19103
Tel:　(215) 875-3000
Fax:　(215) 875-4604

**COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP**

Peter S. Pearlman
Park 80 Plaza West-One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07633
Telephone: 201/845-9600
201/845-9423 (fax

*Attorneys for Plaintiff The State of New Jersey,
Department of Treasury, Division of Investment*

**KLESTADT & WINTERS, LLP**

By: _John E. Jureller Jr. /s/ BMF_
　　JOHN E. JURELLER, JR.

570 Seventh Avenue, 17th Floor
New York, NY 10018
Tel:　(212) 972-3000
Fax:　(212) 972-2245

**REUBEN RAUCHER & BLUM**

Stephen L. Raucher
10940 Wilshire Boulevard, 18th Floor
Los Angeles, CA 90024
Tel:　(310) 777-1990
Fax:　(310) 777-1989

*Attorneys for Plaintiffs Retirement Housing
Foundation, Foundation Property
Management, Inc. and RHF Foundation, Inc.*

**PEARSON SIMON WARSHAW PENNY, LLP**

By: _George S. Trevor by BD_
GEORGE S. TREVOR

44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Tel:    (415) 433-9000
Fax:    (415) 433-9008

*Attorneys for Plaintiffs City of South San Francisco, City of Long Beach, City of Tuolumne, City of Fremont, County of Alameda and City of Cerritos*

**MCDERMOTT WILL & EMERY LLP**

By: _Michael R. Huttenlocher_
Michael R. Huttenlocher

340 Madison Ave.
New York, NY 10173
Tel:    (212) 547-5400
Fax:    (212) 547-5444

*Attorneys for Plaintiff Starr International USA Investments LC and C.V. Starr & Co., Inc. Trust*

**ROBBINS GELLER RUDMAN & DOWD LLP**

By: _Thomas E. Egler_
THOMAS E. EGLER

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Tel:    (619) 231-1058
Fax:    (619) 231-7423

*Attorneys for Plaintiffs Washington State Investment Board and The California Public Employees' Retirement System*

**LAW OFFICE OF ERIC TAUSSIG**

By: _Eric A. Taussig by_
ERIC A. TAUSSIG

Post Office Box 471
Moultonborough, NH 03254
Tel:    (603) 544-3010
Fax:    (603) 544-3009

*Attorneys for Plaintiff Eric A. Taussig*

**MANATT, PHELPS & PHILLIPS, LLP**

By: _Phillip R. Kaplan_
PHILLIP R. KAPLAN

11355 W. Olympic Blvd.
Los Angeles, CA 90064
Tel:    (310) 312-4000
Fax:    (310) 312-4224

*Attorneys for Plaintiff State Compensation Insurance Fund*

**IRELL & MANELLA LLP**

By: _Alison L. Plessman_
ALISON L. PLESSMAN

1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel:    (310) 277-1010
Fax:    (310) 203-7199

*Attorneys for Plaintiff State Compensation Insurance Fund*

**ABBEY SPANIER, LLP**

By: _Richard B. Margolies_
    RICHARD B. MARGOLIES
                        by TSMM

212 East 39th Street
New York, NY 10016
Tel:   (212) 889-3700
Fax:   (212) 684-5191

*Attorneys for Plaintiffs Fifty-Ninth Street*
*Investors LLC, Arthur N. Abbey, Avi Schron*
*and Adina Schron, JTWROS*


**THE LOWE LAW FIRM**

By: _Jeffrey J. Lowe by TSMM_
    JEFFREY J. LOWE

8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
Tel:   (314) 678-3400
Fax:   (314) 678-3401

*Attorneys for Plaintiff Joseph P. Danis*


**DE VOS & CO. PLLC**

By: _Lloyd De Vos by TSMM_
    LLOYD DE VOS

1230 Avenue of the Americas, 7th Floor
New York, NY 10020
Tel:   (212) 786-1000
Fax:   (800) 223-1273

*Attorneys for Plaintiffs Irene Kaufman and*
*Bernice Kaufman, as trustees of the Irene*
*Kaufman Trust*


**HARRY C. MEZER, P.C.**

By: _Harry C. Mezer by TSMM_
    HARRY C. MEZER

Box 432
Arlington, MA 02476-0052
Tel:   (617) 367-9900
Fax:   (617) 801-8500

*Attorneys for Plaintiffs Epstein Real Estate*
*Advisory Retirement Trust and Ben Joseph*
*Trust*


**JOHN A. TANGREDI**

By: _John A. Tangredi by TSMM_
    JOHN A. TANGREDI

14 Mamaroneck Avenue, Suite 403
White Plains, NY 10601
Tel:   (866) 568-5416
Fax:   (914) 428-3780

*Attorneys for Plaintiff Sylvia Remer*


**AGUIRRE, MORRIS & SEVERSON LLP**

By: _Michael J. Aguirre by TSMM_
    MICHAEL J. AGUIRRE

444 West C Street, Suite 210
San Diego, CA 92101
Tel:   (619) 876-5364
Fax:   (619) 876-5368

*Attorneys for Plaintiffs Michael Lane,*
*individually and as Trustee of the Lane Family*
*Trust UAD 2004 and Maria Lane, individually*
*and as Trustee of the Lane Family Trust UAD*
*2004, and Linda Harris*

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                       :
THE PEOPLE OF THE STATE OF NEW YORK                    :
by ERIC T. SCHNEIDERMAN, Attorney General of           :
the State of New York,                                 :
                                                       :    Index No. 451586/2010
                                  Plaintiff,            :    The Hon. Jeffrey K. Oing
                                                       :    IAS Part 48
              - against -                               :
                                                       :
ERNST & YOUNG LLP,                                     :
                                                       :
                                  Defendant.            :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**STIPULATION AND [Proposed] PROTECTIVE ORDER**

To protect confidential information consistent with the public's right of access to the

Court's records and processes, the Court hereby enters the following Protective Order (the

"Order") pursuant to CPLR § 3103(a), which binds all parties and counsel of record in the People

of the State of New York, by Eric T. Schneiderman, Attorney General of the State of New York v.

Ernst & Young LLP, Index No. 451586/2010 (the "Action"),

IT IS HEREBY ORDERED that:

1.      This Stipulation is being entered into to facilitate the production, exchange and

discovery of documents and information that the parties agree merit confidential treatment.  It does

not apply to documents produced prior to the date of this agreement.

2.      Either party may designate documents produced, or testimony given, in connection

with this action as "confidential," either by notation on the document, statement on the record of

the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

      3.      As used herein:

            (a)      "Confidential Information" shall mean all information, including documents and testimony, if such information contains trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to a governmental interest, or to that party's business or the business of any of that party's customers or clients.

            (b)      "Producing party" shall mean the party or third-party producing "Confidential Information" in connection with depositions, document production or otherwise.

            (c)      "Receiving party" shall mean the party and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

      4.      The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of information as Confidential Information, and request to have it declassified.  The Receiving party may move before the Court for an order declassifying those documents or materials.  If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information.  If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

2

5.      Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)      personnel of defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)      counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support and IT staff) who are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)      expert witnesses or consultants retained by the parties or their counsel to furnish expert services or to give testimony at a trial or other proceeding; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(d)      the Court and court personnel;

(e)      any law-enforcement, government, or other regulatory agency;

(f)      an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g)      trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 11, respectively, hereof; and

(h)      any other person agreed to by the parties and the Producing Party.

3

6.      Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

7.      If a Receiving party concludes that it has been compelled, by subpoena or other form of judicial or other compulsory process, or concludes in the case of plaintiff that it may be required by a request made pursuant to a statute, such as New York State's Freedom of Information Law, to disclose information or material designated as "Confidential" under the terms hereof to any person other than those to whom disclosure is permitted in Paragraph 5(a) through 5(h), the Receiving party shall as promptly as possible, and in any event at least fourteen (14) days prior to the disclosure (or seventy two (72) hours prior to the return date of a subpoena or other process in the event of process requiring compliance in fewer than fourteen (14) days, whichever is the longer period), provide written notice to counsel for the Producing party of the Receiving party's intention to disclose materials containing Confidential Information. The purpose of this paragraph is to give the Producing party an opportunity to object to the disclosure of such material. If the Producing party seeks an order from a court or other authority precluding disclosure of materials containing Confidential Information, the Receiving party shall not disclose such material until the court or other authority has ruled on the request.

8.      Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by CPLR § 3101(d). Any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

4

9.      Either party can designate a deposition transcript as Confidential Information at the time of the deposition. After such designation, the transcript and corresponding exhibits shall be treated as Confidential Information for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of the fifteen day period, all Confidential Information in the transcript shall be classified appropriately by designating the page and line number on which such information appears, at which point, only the information so designated will be classified as Confidential Information.

10.     Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information. Nothing herein shall be deemed or construed to be a waiver by any Party of its right to object on any grounds to the use of any Confidential Information at the trial of this Action.

11.     This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof.

12.     Any party may file with the court any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Part Clerk in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are

filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of the parties." Such documents shall be returned by the Part Clerk upon disposition of the motion or other proceeding for which they were submitted.

13.    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

14.    Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraph 2 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15.    Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16.    The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

17.    This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

6

18.     This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that were filed publicly or used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect to the dissolution or modification of any provisions of the Stipulation.  The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

19.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Respectfully submitted:

Dated: April      , 2013                      ERIC T. SCHNEIDERMAN
      New York, New York             Attorney General of the State of New York
                                         120 Broadway, 23rd Floor
                                         New York, New York 10271
                                         (212) 416-8453

By: _____

           David N. Ellenhorn
           Senior Trial Counsel

           Armen Morian
           Tanya Trakht
           Assistant Attorneys General

           *Counsel for Plaintiff*

Dated: April      , 2013                      Miles N. Ruthberg, Esq.
                                         Jamie L. Wine, Esq.
                                         James E. Brandt, Esq.
                                         LATHAM & WATKINS LLP
                                         885 Third Avenue
                                         New York, New York 10022-4834
                                         (212) 906-1200

By: _____

           *Counsel for Defendants*

Dated: _____

SO ORDERED.

_____

8

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                           :

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK   : | |
| by ERIC T. SCHNEIDERMAN, Attorney General of   : | Index No. 451586/2010 |
| the State of New York,                           : | The Hon. Jeffrey K. Oing |
|                                    : | IAS Part 48 |
|          Plaintiff,        : | |
|                                    : | **AGREEMENT TO RESPECT** |
|    - against -            : | **CONFIDENTIAL MATERIAL** |
|                                    : | |
| ERNST & YOUNG LLP,                   : | |
|                                    : | |
|         Defendant.      : | |
|                                    : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

I, _____, state as follows:

1.    My address is_____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____

4.    I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

5.    I have carefully read and understand the provisions of the Stipulation.

6.    I will comply with all of the provisions of the Stipulation.

7.    I will hold in confidence and will not disclose to anyone not qualified under the Stipulation any Confidential Information that is disclosed to me.

8.    I will use the Confidential Information disclosed to me exclusively for purposes of this action, or for any other purpose directed by the Attorney General.

9.     I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

10.     I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.


Dated: _____      Signed: _____