**MEMO ENDORSED**

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES
SACRAMENTO

NEW YORK
WASHINGTON, DC

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 11 2014

September 8, 2014

**VIA HAND DELIVERY**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 12D
New York, New York 10007-1312

RECEIVED SEP - 9 2014 JUDGE KAPLAN'S CHAMBERS

Re:   In re Lehman Bros. Sec. & ERISA Litig., 09 MD 2017 (LAK)

This letter relates to:

*City of Auburn v. Fuld*, No. 09-cv-03474; *City of Burbank v. Fuld*, No. 09-cv-03475; *City of San Buenaventura v. Fuld*, No. 09-cv-03476; *Contra Costa Water Dist. v. Fuld*, No. 09-cv-06652; *Monterey County Treasurer, on behalf of the Monterey County Investment Pool v. Fuld*, No 09-cv-01944; *San Mateo County Investment Pool v. Fuld*, No. 09-cv-01239; *Vallejo Sanitation and Flood Control Dist. v. Fuld*, No. 09-cv-06040; *Zenith Ins. Co. v. Fuld*, No. 09-cv-01238; *American Nat'l Ins. Co. v. Fuld*, No. 09-cv-02363-LAK; *State of New Jersey, Dep't of Treasury, Div. of Investment v. Fuld*, No. 10-cv-05201; *Starr Int'l U.S.A. Investments LC v. Ernst & Young LLP*, No. 11-cv-3745; and *Retirement Housing Foundation v. Fuld*, No. 10-cv-6185

Dear Judge Kaplan:

I represent the Cities of Auburn, Burbank, and San Buenaventura, as well as Contra Costa Water District, Monterey County, San Mateo County, Vallejo Sanitation and Flood Control Dist., and Zenith Insurance Company (collectively, "California Plaintiffs") in the above referenced actions. I also serve as liaison counsel for these coordinated actions. *See* PTO 61 (Master Dkt. 1130). I write on behalf of the plaintiffs in the above referenced actions, which are part of the Lehman Brothers multidistrict litigation.

I write for two reasons: (1) to propose an omnibus briefing structure for plaintiffs' summary judgment opposition briefs; and (2) to seek clarification from the Court on motions to exclude.

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

The Honorable Lewis A. Kaplan
September 8, 2014
Page 2

**MEMO ENDORSED**

### Omnibus Opposition

Ernst & Young ("EY") served summary judgment briefs directed at the following plaintiffs or groups of plaintiffs: (1) the California Plaintiffs (Master Dkt. 1479);[1] (2) American National Insurance Company (Master Dkt. 1476); (3) the State of New Jersey (Master Dkt. 1478); (4) Starr International (Master Dkt. 1480); and (5) Retirement Housing Foundation (Master Dkt. 1487). Thus, EY served five sets of briefs. The briefs collectively totaled 167 pages. EY served one omnibus Rule 56.1 Statement of Material Facts directed to the California Plaintiffs, American National Insurance Company, the State of New Jersey, and Starr International (Master Dkt. 1482), and one Rule 56.1 Statement of Material Facts directed to Retirement Housing Foundation (Master Dkt. 1484).[2]

In an effort to reduce duplicative briefing as much as possible, Plaintiffs in the above-referenced actions propose that one omnibus opposition brief be filed in response to EY's five briefs. Plaintiffs propose that this omnibus brief be no more than one hundred and twenty-five pages which would allow for Plaintiffs to respond to both the areas of EY's briefs that are common to all plaintiffs, as well as those that are unique to individual plaintiffs (including but not limited to state law claims). Plaintiffs' requested page length – fifty pages less than what the total page length would be should each of the five opposition briefs be thirty five pages long under Your Honor's individual practices – would allow each Plaintiff to respond to those arguments directed at its unique claims as well as those shared arguments. *[Granted]*

Plaintiffs further propose submitting one omnibus Response to EY's Statement of Material Facts regarding the California Plaintiffs, American National Insurance Company, the State of New Jersey, and Starr International, and a separate Response to EY's Statement of Material Facts regarding Retirement Housing Foundation. *[Granted.]*

Plaintiffs' request is consistent with the parties' stipulation to set a briefing schedule dated July 9, 2014 (Master Dkt. 1447). Therein, Plaintiffs contemplated that they would file a "consolidated opposition to a motion for summary judgment, with any additional briefing limited to issues unique to each Individual Plaintiff." *Id.* at 5.

EY takes no position as to Plaintiffs' request to file a single omnibus brief or to the requested page length.

### Motions To Exclude

Per the August 19, 2014 stipulation and order (Master Dkt. 1495), Plaintiffs will also be filing an omnibus Motion to Exclude certain of the expert testimony to the extent relied on by EY in support of its summary judgment briefs. Plaintiffs do not believe that the stipulation and

---

[1] EY served one brief directed to the collective California Plaintiffs.
[2] Due to a conflict, EY is represented by different counsel in the Retirement Housing Foundation matter.

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

The Honorable Lewis A. Kaplan
September 8, 2014
Page 3

~~order is intended to~~ address any motions beyond summary judgment. EY maintains that any motions to exclude under *Daubert v Merrill Dow*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 and/or Fed. R. Evid. 702 must be brought by the parties in conjunction with the parties' summary judgment briefing regardless of whether that expert's opinion is relied upon in moving or opposing summary judgment. Because the parties disagree on this point, Plaintiffs request the Court's assistance. Should the Court agree with EY, Plaintiffs respectfully request they have until October 17, 2014 to file any additional motions to exclude any expert testimony at trial.

Respectfully submitted,

Matthew K. Edling

**MEMO ENDORSED**

cc: Counsel of record (via email)

*Handwritten endorsement:* Any motion to exclude expert testimony relied upon in the summary judgment motions must be made by 10/17/14.

Plaintiffs' papers in opposition to E+Y's summary judgment motions shall be filed on or before 10/17/14 unless a different date was established by prior order, in which case the previously established date will govern.

SO ORDERED

/s/ Lewis A. Kaplan
LEWIS A. KAPLAN, USDJ
9/11/14