**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies to:<br><br>*Starr International U.S.A. Investments LC, et al. v. Ernst & Young LLP*, No. 11-cv-3745-LAK;<br><br>*The State of New Jersey, Department of Treasury, Division of Investment v. Richard S. Fuld, Jr., et al.*, No. 10-cv-05201-LAK;<br><br>*Vallejo Sanitation and Flood Control District v. Fuld, et al.*, No. 1:09-cv-06040-LAK; *Mary A. Zeeb, Monterey County Treasurer, on Behalf of the Monterey County Investment Pool v. Fuld, et al.*, No. 1:09-cv-01944-LAK; *Contra Costa Water District v. Fuld, et al.*, No. 1:09-cv-06652-LAK; *City of Burbank v. Fuld, et al.*, No. 1:09-cv-03475-LAK; *City of San Buenaventura v. Fuld, et al.*, No. 1:09-cv-03476-LAK; *City of Auburn v. Fuld, et al.*, No. 1:09-03474-LAK; *The San Mateo County Investment Pool v. Fuld, et al.*, No. 1:09-cv-01239-LAK; *Zenith Insurance Company v. Fuld, et al.*, No. 1:09-cv-01238-LAK;<br><br>*American National Insurance Company et al. v. Richard S. Fuld, Jr., et. al.*, No. 1:09-cv-02363-LAK; and<br><br>*Retirement Housing Foundation et al., v. Fuld, et al.*, No. 1:10-cv-06185-LAK | Civil Action No. 09 MD 2017 (LAK)<br><br>ECF CASE |


**MEMORANDUM OF LAW IN SUPPORT OF CERTAIN OPT-OUT PLAINTIFFS'**
**MOTION TO EXCLUDE THE TESTIMONY OF STEPHEN J. CHOI**

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL STANDARD.................................................................................................................. 4

ARGUMENT ................................................................................................................................ 6

I.   CHOI'S TESTIMONY USURPS THE ROLE OF THE COURT AND JURY ................ 6

II.  CHOI'S OPINION IS NOT RELIABLE AND CHOI IS NOT QUALIFIED TO OPINE ON MD&A DISCLOSURE REQUIREMENTS OR ON HOW A REASONABLE INVESTOR WOULD HAVE REACTED TO A DISCLOSURE ABOUT REPO 105 ................................................................................................................ 8

    A.  Choi Lacks Knowledge and Experience ............................................... 9

    B.  Choi Did Not Look at the Evidence Specific to this Case .................... 9

    C.  Choi's Opinion that Management is not Required to Disclose all Material Information is Not Reliable ................................................... 10

    D.  Choi's Opinions which all Rest on What Choi Deems to be "Material" are Not Reliable ................................................................. 11

    E.  Choi's Opinion that Repo 105 Disclosures Would Belong in the MD&A is Not Reliable ......................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002) ............................................................................................6, 10

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ..................................................................................................... *passim*

*In re Fresh Del Monte Pineapples Antitrust Litig.*,
   2009 WL 3241401 .................................................................................................................8

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ......................................................................................................... 6-7

*Highland Capital Mgmt., L.P. v. Schneider*,
   379 F. Supp. 2d 461 (S.D.N.Y. 2005) ....................................................................... 7-8, 11, 13

*IBEW Local 90 Pension Fund v. Deutsche Bank AG*,
   11 CIV. 4209 KBF, 2013 WL 1223844 (S.D.N.Y. Mar. 27, 2013) ...................................5, 13

*In re Longtop Fin. Tech. Ltd. Sec. Litig.*,
   No. 11-CV-3658, 2014 WL 2998524 (S.D.N.Y. July 3, 2014) .................................................7

*O'Conner v. Commonwealth Edison Co.*,
   13 F.3d 1090 (7th Cir. 1994) ................................................................................................12

*In re Rezulin Products Liab. Litig.*,
   309 F. Supp. 2d 531 (S.D.N.Y. 2004) ................................................................................5, 8

*In re Rezulin Products Liab. Litig.*,
   369 F. Supp. 2d 398 (S.D.N.Y. 2005) ........................................................................4, 8, 12

*SEC v. Tourre*,
   950 F. Supp. 2d 666 (S.D.N.Y. 2013) ..................................................................... 6, 12-13

*Snyder v. Wells Fargo Bank, N.A.*,
   No. 11 CIV. 4496 SAS, 2012 WL 4876938 (S.D.N.Y. Oct. 15, 2012) .......................... *passim*

*United States v. Williams*,
   506 F.3d 151 (2d Cir. 2007) ..................................................................................................5

**Other Authorities**

Federal Rules of Evidence 702 ..................................................................................... *passim*

Opt-Out Plaintiffs[1] respectfully submit this Memorandum of Law in Support of their Motion to Exclude the Testimony of Stephen J. Choi ("Choi"),[2] proffered as an expert by Ernst & Young LLP ("EY") in the Lehman MDL, pursuant to the Federal Rules of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).[3]

## PRELIMINARY STATEMENT

EY retained Choi to provide expert testimony in this action to assess disclosure requirements in the Management's Discussion and Analysis ("MD&A") section of Lehman's public filings with the Securities and Exchange Commission ("SEC"), from 2001 through 2008. Choi is a professor of securities litigation at the New York University School of Law. (Edling Decl. Ex. 12, Expert Report of Stephen J. Choi, dated November 22, 2013 ("Choi Report") ¶ 1.) Choi's testimony should be excluded for a number of reasons.

*First*, Choi's opinions rest mostly on his review and interpretation of public documents and Choi's interpretation of SEC Rules and Regulations, and other legal pleadings. However, having a law professor tell the jury what SEC disclosure rules and other laws require and say invades the province of the Court to instruct the jury on the law. Further, it invades the province of the jury, which is equally able to review and interpret these documents reaching their own conclusions of what these documents say or should have said. The jury does not require (and the

---

[1] Unless otherwise stated, the abbreviations herein are the same as in Opt-Out Plaintiffs' Opposition to EY's Motion for Summary Judgment, filed on September 19, 2014.

[2] EY submitted the entirety of the Expert Report of Stephen J. Choi ("Choi Report"), dated November 22, 2013, as Exhibit 56 to the Declaration of Kevin McDonough, dated September 19, 2014, in support of its Motion for Summary Judgment.

[3] Citations to "Edling Decl. Ex. __" refer to exhibits attached to the Declaration of Matthew Edling, dated October 17, 2014, filed herewith.

1

law does not allow) the assistance of a law professor to explain the conclusions of these public documents, statutes, and legal proceedings.

*Second*, Choi is not qualified to speak on the issue of MD&A disclosure requirements and/or how a reasonable investor would have reacted to a disclosure about Repo 105. He has no expertise on which to give such opinions. Choi has spent most of his career as a law school professor.[4] ███████████████████████████ (Edling Decl. Ex. 20, Deposition of Stephen J. Choi in *In re Lehman Bros. Secs. & ERISA Litig.*, 09 MD 2017, dated May 28, 2014 ("Choi MDL Dep.") at 11:11-12:6.) ███████████

███████████████████████████████████████████████████████████

███████ (Edling Decl. Ex. 20, Choi MDL Dep. at 9:18-12:13.) ███████████

███████████████████████████████████ (*Id.* at 9:18-23.) ███████████

███████████████████████████████████████████████████████████

███████████████████████████████ (*Id.* at 9:14-15; *Id.* at 11:8-18.) ███████

███████████████████████████████ (*Id.* at 54:23.) ███████████████

███████████████████████████████████████████████████████████

███████ (*Id.* at 50:14-51:4.) In short, Choi has absolutely no expertise allowing him to provide an opinion on what disclosures would be required in the MD&A section of Lehman's public filings and Choi has absolutely no experience allowing him to provide an opinion on why the non-disclosure of Repo 105 in Lehman's public filings was not false and misleading from 2004 to 2008. For these reasons, and those more fully stated below, Choi's testimony and opinion should be precluded in full.

---

[4] Choi did spend one year as an associate at McKinsey & Company in New York, NY from 1994-1995. (Edling Decl. Ex. 8, Choi Report, Ex. 1.)

2

*Third*, Choi did not rely on any testimony or exhibits from this case.  At most, Choi admits to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Edling Decl. Ex. 20, Choi MDL Dep. at 19:8-21.)  In addition, there were only three of the eight EY expert reports produced at the time Choi's report came out.[5]  The other EY expert reports were produced contemporaneously with Choi's report which means in addition to Choi not relying on any testimony or exhibits from the case, Choi relied on the EY expert reports of Stephen G. Ryan and Professor Glenn Okun, which were not in their final format.  (Edling Decl. Ex. 12, Choi Report, Ex. 3.)  All of Choi's opinions are theoretical and not based on any facts of this case.  Therefore, Choi's opinions are not based on a reliable foundation.

*Fourth*, Choi offers an opinion that Management is not required to disclose all material information (Edling Decl. Ex. 12, Choi Report ¶ 13), but ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Edling Decl. Ex. 20, Choi MDL Dep. at 37:12-23.)  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at 37:14-17.)

*Fifth*, Choi offers additional opinions which all rest on what Choi personally deems to be "material."  (Edling Decl. Ex. 12, Choi Report ¶ 14.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[5] The only three EY expert reports produced prior to Choi's report were from Professor Kenneth M. Lehn, Professor Allen Ferrell and William J. Chambers, Ph.D. on October 21, 2013.

3

████████████████████████████████████████████ (Edling Decl. Ex. 20, Choi MDL Dep. at 152:17-153:6.)

*Finally*, ████████████████████████████████████████

████████████████████████████████████████

████████████████ (Edling Decl. Ex. 20, Choi MDL Dep. at 148:20-23) and ████████

████████████████████████████ (*Id.* at 30:10-22).  Therefore, Choi is simply speculating when he says if Repo 105s effect on net-leverage ratio should be disclosed, than it "belonged in the MD&A." (Edling Decl. Ex. 12, Choi Report ¶ 15.)  In *Rezulin*, the Court clearly states that a key consideration, "in *Daubert* analyses is whether an expert has accounted adequately for alternative explanations."  *In re Rezulin Products Liab. Litig.*, 369 F. Supp. 2d 398, 425 (S.D.N.Y. 2005); *see also id.* at 420 n.137 (citing Fed. R. Evid. 702 advisory committee's note (2000)).  This Court explained that such consideration is critical "because any theory that fails to explain information that otherwise would tend to cast doubt on that theory is inherently suspect."  *Id.*

## LEGAL STANDARD

The Supreme Court has explicitly recognized the "danger of prejudice resulting from the presentation of expert testimony . . . because of the potential for the jury to automatically accept an expert witness' testimony."  4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence (Joseph M. McLaughlin, ed. Matthew Bender 2d ed. 2014) ("Weinstein") § 702.02; *see also Daubert*, 509 U.S., 595 ("[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.").  That potential danger is even greater where, as here, the

4

expert's impressive pedigree is likely to place "scientific evidence [proffered by the expert in the] posture of mythic infallibility." Weinstein § 702.02.

In *Daubert*, the Supreme Court established the procedures for determining whether proffered expert testimony is admissible. Specifically, the Supreme Court charged trial courts with a "gatekeeping" role to "ensure that any and all [expert] testimony or evidence admitted is *not only relevant, but reliable*." *In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d 531, 546-47 (S.D.N.Y. 2004) (citing *Daubert*, 509 U.S. at 589) (internal quotations omitted) (emphasis added); *see also United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (trial court should ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."). Rule 702 of the Federal Rules of Evidence incorporates the principles established in *Daubert*.

*Daubert* requires a court to determine "(1) whether the proposed expert is in fact qualified to offer the opinions he or she is proffering; (2) whether each proposed opinion is based upon reliable data and methodology; and (3) whether the proposed testimony would be helpful to the trier of fact or to answer the factual question presented." *IBEW Local 90 Pension Fund v. Deutsche Bank AG*, 11 CIV. 4209 KBF, 2013 WL 1223844 (S.D.N.Y. Mar. 27, 2013) (citing *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005)). Moreover, expert testimony is inadmissible if it "usurp[s] either the role of the trial [district] court judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Snyder v. Wells Fargo Bank, N.A.*, No. 11 CIV. 4496 SAS, 2012 WL 4876938, *2 (S.D.N.Y. Oct. 15, 2012) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)).

Likewise, "[w]hen an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* or Rule 702 mandate the

exclusion of that unreliable opinion testimony." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002).  While a "minor flaw" in an expert's reasoning will not render it inadmissible, it must be excluded "if the flaw is large enough that the expert lacks good grounds for his or her conclusions." *Id.*; *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("a court may conclude that there is too great an analytical gap between the data and the opinion proffered.").

Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co.*, 522 U.S. at 146.  "A court may conclude that there simply is too great an analytical gap between the data and the opinion proffered." *Id*.

Finally, "the party seeking to introduce and rely on expert testimony bears the burden of establishing that the proposed expert and his or her testimony meets the requirements Rule 702 by a preponderance of the evidence." *SEC v. Tourre*, 950 F. Supp. 2d 666, 674 (S.D.N.Y. 2013) (internal quotations omitted).  As discussed below, EY cannot meet its burden with respect to the opinions offered by Choi.

## ARGUMENT

### I. CHOI'S TESTIMONY USURPS THE ROLE OF THE COURT AND JURY

"The use of expert testimony must be 'carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.'" *Snyder*, 2012 WL 4876938.  The expert may not assume the "role of the jury [in] interpreting evidence." *Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 469.  Additionally, "[w]hile an expert 'may opine on an issue of

fact within the jury's province,' an expert 'may not give testimony stating ultimate legal conclusions based on those facts.'" *Snyder*, 2012 WL 4876938.

Choi's opinions rest mostly on his review and interpretation of public documents and Choi's *own personal interpretation* of the SEC Rules and Regulations and other legal pleadings. However, the jury is equally able to review and interpret those documents and reach their own conclusions about what these documents say.  Additionally, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Edling Decl. Ex. 20, Choi MDL Dep. at 89:18-19.)  That is exactly what Choi did throughout his report by relying on his own interpretations of the SEC Rules and Regulations and other legal proceedings. (Edling Decl. Ex. 12, Choi Report ¶¶ 16-76.) For example, in ¶ 50, Choi opines that "[d]uring this period, the MD&A did not require any disclosure of intra-period fluctuations, including fluctuations in the volume of repurchase agreements."

This testimony is improper and should be excluded because the Court regularly holds that, "an expert may not offer testimony that simply regurgitates what a party has told him or constructs a factual narrative based on record evidence." *In re Longtop Fin. Tech. Ltd. Sec. Litig.*, No. 11-CV-3658, 2014 WL 2998524, at *1, 5 (S.D.N.Y. July 3, 2014). Choi's testimony merely recaps public documents, SEC Rules and Regulations and other legal proceedings then states his own *ipse dixit* conclusion. *Gen. Elec. Co.*, 522 U.S. 136; *Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 466, 468-69 (excluding expert testimony that "simply rehash[es] otherwise admissible evidence" such as deposition testimony and documentary evidence).

Additionally, in *Snyder*, the Court explains that an expert cannot "give his opinion as to whether [defendants'] actions violated the securities laws" but an expert may provide "general background on federal securities regulation." *Snyder*, 2012 WL 4876938. Choi goes further

than general background information.  Choi's opinions are based on Choi's legal conclusions and thus his testimony should be excluded.  *In re Fresh Del Monte Pineapples Antitrust Litig.*, 2009 WL 3241401, *16 (excluding testimony of economist who appeared to "recite selective facts in the record and then offer his own legal conclusions").

These are not questions for the expert, but these are questions for the trier of fact.  Therefore, Choi's testimony should be excluded in full.

## II. CHOI'S OPINION IS NOT RELIABLE AND CHOI IS NOT QUALIFIED TO OPINE ON MD&A DISCLOSURE REQUIREMENTS OR ON HOW A REASONABLE INVESTOR WOULD HAVE REACTED TO A DISCLOSURE ABOUT REPO 105

In *Rezulin*, the Court reiterated that Rule 702 of the Federal Rules of Evidence requires that the expert witness "be qualified by virtue of specialized knowledge, skill, experience, training, or education."  *In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d at 540.  The Court must "make certain" that an expert has "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" in order to avoid the easily recognizable assumption "that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline."  *In re Rezulin Products Liab. Litig.*, 369 F. Supp. 2d at 419-420.  The expert must be able to explain how his "experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 473 (S.D.N.Y. 2005) (internal citations and quotations omitted).  Choi has no such experience, knowledge or education in the industry and thus, Choi's proffered testimony and opinions are not reliable.

### A. Choi Lacks Knowledge and Experience

███████████████████████████████████  (Edling Decl. Ex. 20, Choi MDL Dep. at 54:23.)

███████████████████████████████████

8

██████████████████████████████████████████████ (*Id.* at 53:5-7.) ██████████████████████████████████████████████

██████████████████████████████████████████████ (*Id.* at 9:5-7.)

Choi's lack of knowledge and experience is apparent in the absurdity of some of his testimony. ██████████████████████████████████████████████

██████████████████████████████████████████████ (Edling Decl. Ex. 20, Choi MDL Dep. at 78:4-7.) ██████████████████████████████████████████████

██████████████████████████████████████████████ (*Id.* at 78:17-79:6.)

██████████████████████████████████████████████

██████████████████████████████████████████████ (Edling Decl. Ex. 20, Choi MDL Dep. at 70:21-71:21.)

### B. Choi Did Not Look at the Evidence Specific to this Case

██████████████████████████████████████████████. (Edling Decl. Ex. 20, Choi MDL Dep. at 50:14-51:4.)

██████████████████████████████████████████████. (*Id.* at 50:2-24.) ██████████████████████████████████████████████

████████ (*Id.* at 50:22-51:4.) ████████

████████ (*Id.*) ████████

████████ (*Id.* at 19:8-21.) Given that all of Choi's opinion testimony is theoretical and not based on any facts of this case, the Court should mandate the "exclusion of the unreliable opinion testimony" because it is "inadequate to support the conclusions reached." *See Amorgianos*, 303 F.3d at 267.

    **C.    Choi's Opinion that Management is not Required to Disclose all Material Information is Not Reliable**

████████ (Edling Decl. Ex. 20, Choi MDL Dep. at 106:12.) ████████

████████ (*Id.* at 37:12-23.) ████████

████████ (*Id.* at 37:14-17.) ████████

████████ (*Id.* at 37:24-38:19.) ████████

████████ (*Id.* at 37:24-38:19.) ████████

████████ (*Id.* at 9:18-20.) Choi's experience does not conclusively explain why the Court or a jury should be able to rely on Choi's testimony. *Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 473.

    **D.    Choi's Opinions which all Rest on What Choi Deems to be "Material" are Not Reliable**

10

Choi's opinions, which rest on what Choi deems to be "material," are not reliable. (Edling Decl. Ex. 12, Choi Report ¶ 14.)

(Edling Decl. Ex. 20, Choi MDL Dep. at 49:3-18.)

(*Id.* at 162: 13-15.)

Choi concluded, without having any industry experience, that it was not industry practice to report the use of repurchase agreements in the MD&A tabular disclosure of contractual obligations. (Edling Decl. Ex. 12, Choi Report ¶ 14.d.)

(Edling Decl. Ex. 20, Choi MDL Dep. at 222:14-223-:20.) Reviewing a handful of public filings from other investment banks in the industry is not enough to make Choi an expert on "industry practice." (Edling Decl. Ex. 12, Choi Report ¶ 14.d.)

Choi continued to evade the issue on materiality when convenient.

(Edling Decl. Ex. 20, Choi MDL Dep. at 225:17-226:8.)



11

E.     **Choi's Opinion that Repo 105 Disclosures Would Belong in the MD&A is Not Reliable**

Choi's opinion, that Repo 105 disclosures and Repo 105s effect on net-leverage ratio disclosures "belonged in the MD&A" (instead of the financial statements footnotes), should be excluded. (Edling Decl. Ex. 12, Choi Report ¶ 15.) Choi failed to reasonably explain why Repo 105 disclosures should not have been disclosed in the financial statements footnotes.

███████████████████████████████████████████████████████████

███████████████████████████████ (Edling Decl. Ex. 20, Choi MDL Dep. at 229:3-10.) ███

███████████████████████████████████████████████████████████

████████████████████████ (*Id.* at 229:11-16.) This opinion by Choi should be excluded as unreliable because it is entirely too subjective. *See O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir. 1994). Additionally, Choi's testimony and opinion should be excluded because Choi fails to consider all of the possible "obvious alternative explanations," including the fact that Repo 105 should have been disclosed in the financial statements. *In re Rezulin Products Liab. Litig.*, 369 F. Supp. 2d at 425.

In *Tourre* the court precluded the expert from testifying because the expert was not qualified to offer testimony on highly specific and technical matters. *Tourre*, 950 F. Supp. 2d at 674. The expert was "not qualified to present this opinion" because he had "no experience in the CDO (collateral debt obligation) industry apart from acting as an expert witness, yet he intend[ed] to opine about what information would and would not matter to CDO investors." *Id*. The expert never "analyzed a CDO outside the context of providing expert services; he cannot speak to industry practices, and cannot answer what a typical CDO buyer would do." *Id.* Like *Tourre*, Choi has no experience in the investment banking industry or with the SEC and Choi cannot speak to industry practices. The Court noted in *Tourre,* that the expert had "no education,

12

expertise, or experience in this area upon which to make such a statement." *Id*. at 677. Receiving your Ph.D. in economics, graduating first in your law school class even if from Harvard and being a law school professor still does not provide the education necessary to make Choi an expert on the MD&A disclosure requirements in Lehman's public filings.

Choi's experience lacks "a sufficient basis for these opinions." *Snyder*, 2012 WL 4876938. Choi, a student and academic, did not rely on any testimony or exhibits from this case and his opinions should be excluded because he is unqualified to testify. *See Tourre*, 950 F. Supp. 2d at 674; *Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 473 (excluding testimony where expert stated that his experience "led him to reach his conclusions" because "this fact alone does not make his opinion reliable"); *IBEW Local 90 Pension Fund*, 2013 WL 1223844, *13 (holding that "being an expert in plaintiffs' securities cases . . . is not sufficient to qualify as an expert"). A historical view of the law and a theoretical view of the case are not enough to make an expert opinion reliable. *Id.* Therefore, Choi's opinion is ultimately not reliable because (1) the testimony is not based upon sufficient facts or data, (2) the testimony is not the product of reliable principles and methods and (3) the expert has failed to apply the facts of the case to the principles and methods reliably. Fed. R. Evid. 702.

## CONCLUSION

For the reasons stated above, Opt-Out Plaintiffs respectfully request that the Court exclude Choi's testimony and opinion in its entirety.

Dated: October 17, 2014

Respectfully submitted,

*Matthew Edling /AEF*

**COTCHETT, PITRE & MCCARTHY, LLP**
Matthew K. Edling (medling@cpmlegal.com)
Bryan M. Payne (bpayne@cpmlegal.com)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Tel: (650) 697-6000

*Counsel for Plaintiffs Vallejo Sanitation & Flood Control District, the Monterey County Investment Pool (through Mary Zeeb, Monterey County Treasurer), Contra Costa Water District, City of Burbank, City of San Buenaventura, City of Auburn, the San Mateo County Investment Pool, and Zenith Insurance Company*

**MCDERMOTT WILL & EMERY LLP**
John J. Calandra (jcalandra@mwe.com)
Banks Brown (bbrown@mwe.com)
Michael Huttenlocher (mhuttenlocher@mwe.com)
Audrey Lu (aulu@mwe.com)
Allison E. Fleischer (afleischer@mwe.com)
340 Madison Avenue
New York, NY 10173
Tel: (212) 547-5400
Fax: (212) 547-5444

*Counsel for Plaintiffs Starr International USA Inv. LC and C.V. Starr & Co., Inc. Trust*

14

_Merrill Davidoff_/AEF

**BERGER & MONTAGUE, P.C.**
Merrill G. Davidoff (mdavidoff@bm.net)
Lawrence Lederer (llederer@bm.net)
Robin Switzenbaum (rswitzenbaum@bm.net)
Gary Cantor (gcantor@bm.net)
Jon Lambiras (jlambiras@bm.net)
1622 Locust St.
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax (215) 875-4604

*Counsel for Plaintiff The State of New Jersey, Department of Treasury, Division of Investment*

_Andrew Mytelka_/AEF

**GREER, HERZ & ADAMS, LLP**
Andrew Mytelka (amytelka@greerherz.com)
David LeBlanc (dleblanc@greerherz.com)
Jeanne Urbani Walser (jwalser@greerherz.com)
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Tel: (409) 797-3200
Fax: (409) 766-6424

*Counsel for American National Insurance Company and its subsidiaries and The Moody Foundation*

_Timothy Reuben_/AEF

**REUBEN RAUCHER & BLUM**
Timothy D. Reuben, *pro hac vice*
Stephen L. Raucher, *pro hac vice*
(sraucher@rrbattorneys.com)
Ashley J. Brick, *pro hac vice*
(abrick@rrbattorneys.com)
10940 Wilshire Blvd., 18th Floor
Los Angeles, CA 90024
Tel:  (310) 777-1990
Fax:  (310) 777-1989

*Counsel for Plaintiffs Retirement Housing Foundation and Foundation Property Management, Inc.*

15