```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re:

LEHMAN BROTHERS SECURITIES AND                    09 MD 2017 (LAK)
ERISA LITIGATION

This document applies to:

*Starr Int'l etc. v. Ernst & Young LLP,*   No. 11-cv-3745 (LAK)
*Ret. Housing Found. v. Fuld*              No. 10-cv-6185 (LAK)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PRETRIAL ORDER NO. 104
(*Daubert* motions)
**[Corrected]**

LEWIS A. KAPLAN, *District Judge.*

       Ernst & Young LLP ("E&Y") has moved to exclude the testimony of Dr. H. Nejat Seyhun, the principal damages expert for plaintiffs in *Starr* and *RHF*. Plaintiffs have moved to exclude, in whole or in part, the testimony of seven of E&Y's proposed expert witnesses. This order disposes of those eight motions to the extent the Court considers that they properly may, and at this stage of the litigation should, be resolved.

       1.     E&Y's motion to exclude the testimony of Dr. Seyhun goes principally to the weight it should be accorded by a trier of fact rather than the reliability of his methodology and its application to the facts. Assuming that the Court were to conclude that there is a genuine issue of material fact as to loss causation,[1] Dr. Seyhun's proposed testimony generally would be appropriate, if subject to searching and perhaps quite effective cross-examination. Accordingly, E&Y's motion is denied.

       2.     Plaintiffs' motion to exclude portions of Dr. Alan Ferrell's proposed testimony is denied. The objections advanced, to the extent they have any merit, go to weight rather than admissibility.

       3.     Plaintiffs' motion to exclude portions of the proposed testimony of John Lynch is granted to the extent that Mr. Lynch may not properly testify as to his views of what E&Y knew, whether certain witnesses are or are not credible, and whether alleged misstatements or omissions were material for purposes of the federal securities laws and denied in all other respects.

       4.     Plaintiffs' motion to exclude portions of the proposed testimony of Glenn Okun is granted to the extent that he will not be permitted to testify to Lehman's state of mind. It is and denied in all other respects.

---

[1] That issue is pending before it on other pending motions.

2

     5.     Plaintiffs' motion to exclude portions of the proposed testimony of Dr. Zoe-Vonna Palmrose is denied.

     6.     Plaintiffs' motion to exclude portions of the proposed testimony of Stephen G. Ryan is granted to the extent that he will not be permitted to testify as to legal conclusions. It is denied in all other respects.

     7.     Plaintiffs' motion to exclude portions of the proposed testimony of Dr. William Chambers is granted except to the extent that he proposes to testify to opinions about how market analysts evaluate creditworthiness and whether they consider net leverage as a relevant factor. The Court will hear any objections as to the admissibility of such testimony if, as and when it is offered.

     8.     Plaintiffs' motion to exclude the proposed testimony of Dr. Stephen Choi is granted. The proposed testimony in substance would amount to little or nothing more than a closing argument from the witness stand by a law professor coupled with the witness's views on issues of law that properly are to be determined by the trial judge and subjects of the Court's instructions to the jury. Permitting this testimony in some respects would threaten unnecessary and likely substantially prejudicial confusion between the Court's instructions on the legal issues as to which Dr. Choi proposes to opine and Dr. Choi's testimony and in other respects usurp the province of the jury. In view of these conclusions, it is unnecessary to address the other arguments raised by the parties with respect to this witness.

This order disposes of:

- 09-md-2017 docket items 1530, 1533, 1535, 1537, 1539, 1541, 1543, 1471 and 1473.

- 10-cv-6185 docket items 212, 243, 246, 248, 250, 252, 254, 256.

- 11-cv-3745 docket items 52, 79, 82, 84, 86, 88, 90 and 92.

To the extent that there may be objections to specific questions if and when any of these witnesses actually testifies, those objections may be raised to the extent they are not foreclosed by this order.

SO ORDERED.

Dated:     September 10, 2015
Corrected:  September 13, 2015

                                         /s/    Lewis A. Kaplan
                                                  Lewis A. Kaplan
                                          United States District Judge